DOMINIQUE SEGHERS v. THE NEW ORLEANS IMPROVEMENT AND
BANKING COMPANY.

Defendants purchased of plaintiff certain shares of the stock of a bank just incorpo-
rated, for which they bound themselves to pay a premium of so much a share, pro-
vided the institution should go into operation by a time fixed in the contract; the
vendor finding that the bank could not go into operation unless an arrangement were
made which required a reduction of the number of shares allotted to each subscri-
ber, consented to such reduction, in consequence of which he was unable to deliver
the whole number of shares he had contracted to furnish: held, that as the reduction
was brought about by his own act, he was only entitled to recover the premium
agreed upon, for the number of shares he was enabled to deliver.

APPEAL from the District Court of the First District, *Watts*, J.
*Seghers, propria persona*, and *Eustis*, for the appellant.
*Soulé*, for the defendants.

MARTIN J.*   The plaintiff sold to the defendants by a notarial
act several lots in the city of New Orleans, for a fixed price, and
two thousand and two hundred and sixty shares of the capital stock
of the Citizens' Bank, secured by mortgage on said lots, for which
the defendants bound themselves to pay a premium of five dollars
per share, on the day on which the said bank should go into opera-
tion, provided it should do so within eighteen months from the date
of the sale.   It was further agreed, that on the bank thus going
into operation, the defendants should apply the aforesaid premium
to the payment of the sum of twelve thousand dollars of the stock
of the defendants' company, for which the plaintiff had subscribed.
The petition concludes by alleging that the Citizens' Bank went into
operation within the period mentioned, whereby the defendant's
became bound to pay the premium aforesaid, for which the plain-
tiff prays judgment, etc.   The defendants pleaded the general issue,
and admitted their purchase of the lots and stock, as-stated in the
petition; but averred that said stock was never delivered to them,
though the plaintiff was regularly put *in mora*.   Wherefore they
claimed damages in reconvention.   The jury gave the following
verdict : ' We find that the plaintiff is entitled to a credit of twenty
seven hundred and eighty dollars, being a premium of five per cent

---

* MORPHY, J., being interested in the question, did not sit on the trial of this case.

on five hundred and fifty six shares of the stock of the Citizens' Bank, being all the number of shares we consider sold by the plaintiff and acquired by the Improvement Bank, under the contract between the parties.' The defendants made an unsuccessful attempt to obtain a new trial, and judgment was rendered according to the verdict. They appealed. The testimony shows, that soon after the contract sued upon was entered into, it became extremely doubtful at first, and certain afterwards, that the Citizens' Bank could not go into operation, unless the faith of the state were obtained for the payment of the bonds, by the sale of which the capital was expected to be realized. To obtain the faith of the state, it became necessary to re-open the books of subscription, and to reduce the number of shares originally subscribed for, in proportion to the accession of new subscribers. This the bank consented to, and by this operation the number of shares which the plaintiff had agreed to sell to the defendants was reduced from two thousand two hundred and sixty to five hundred and fifty-six; for which last number only the defendants obtained a certificate, whereby, they contended that the premium, to which the plaintiff was entitled, was reduced from $11,300 to $2780. The plaintiff's and appellant's counsel has contended in this court, that the judgment of the District Court has erroneeusly made him support a loss of the difference between these two sums, viz: $8520. He has urged that :

*First*, By the deed of sale, the contract was perfect. There was the thing sold, the price agreed upon, and the consent of the parties. Civ. Code, arts. 2414, 2431. Pothier, contrat de vente, Nos. 3, 31, *et seq.*

*Second*, The tradition or delivery of the stock took place in the very deed of sale before the notary public. The transfer of the stock was then and there made by the seller, accepted by the purchaser, and acknowledged by the Citizens' Bank. Thus the obligation of the seller was fulfilled. Civ. Code, arts. 2451, 2453, 2455.

*Third*, From that very period the thing sold, that is, the stock, was at the risk of the purchaser; and if it afterwards perished, either *in toto* or *in parte*, the loss was his. Civ. Code, art. 2442. Pothier, contrat de vente, No. 307.

*Fourth*, The payment of the price *only*, was subjected to a cer-

tain event, and this event having taken place within the limited time, the vendor is entitled to the payment of the price, even should the thing sold have perished since the sale. Civ. Code, art. 2442. Pothier, Contrat de Vente, Nos. 278, 279, 307. *Res perit domino, id est,* for the purchaser when the thing was transferred and delivered to him. Roman Code, lib. 4, tit. 48, leg. 12, and leg. 14.

The plaintiff and appellant also offered the following list of authorities : Merlin, Questions de droit, vol. 5, fol. 518, *verbo vente,* sec. 2, Edition de Paris, 1810, in quarto. Civ. Code, 2442. Acts of the Legislature of La., of 1833, p. 172, &c. Acts of 1836, p. 16, &c. This act was approved 30th January, 1836. The Improvement Bank voted on 2260 shares in March, 1836. The Citizens' Bank went into operation, 17th March, 1836. Acts of the Legislature of La., of 1836, sec. 9, p. 49.

The counsel for the defendant contends that the sale was on a suspensive condition, and the loss is to the vendor. Civ. Code, art. 2446. An incorporeal right was sold. Id., 2435. No title, enjoyment, or possession was given at the time. Id., 2457—77. Troplong on Sale, p. 169, No. 284. Code Napoleon, 228. Civ. Code, art. 2446.

The plaintiff refused to make any other transfer than that in the original act, in which there is no acceptance of transfer by the Citizens' Bank. His refusal put him *in mora.* The vendor is bound to deliver his title.

In reply, the counsel of the plaintiff has urged that the property sold was incumbered with the shares, *id est,* the price of the portion of the capital, which they represented. The plaintiff sold his portion of the subscription, and did not guarantee any number of shares. The vendor of any incorporeal right warrants its existence only. Civ. Code, art. 2416. On the bank going into operation, the stock rose fifteen per cent. The president of the Citizens' Bank intervened in the act of sale, and acknowledged notice of the transfer of the shares of that bank by the plaintiff to the defendants.

It appears to us, that the plaintiff is not entitled to relief at our hands. The sale of the shares was absolute, without any suspensive condition. The payment of the premium, however, depended on the happening of a contingency, to wit : the Citizens' Bank

going into operation within eighteen months. This contingency has indeed happened, but the jury have correctly concluded that as it was brought about by the act of the plaintiff, to wit: his consent to the re-opening of the books, the consequence of which has been the reduction of the number of shares purchased by the defendants to nearly a fourth, he cannot throw on them the loss resulting from the reduction of those shares.

*Judgment affirmed.*